NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

ACCURATE TOOL & MANUFACTUR-
ING, INC., d/b/a Accurate Wire
Harness, Respondent.

No. 02–1165.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2003.

Fred L. Cornnell, Jr., National Labor Relations Board, Office of the General Counsel, Aileen A. Armstrong, Dep.Asso.Gen.Counsel, Andrew Shih, National Labor Relations Board, Appellate Court Branch, Washington, DC, for Petitioner.

Gary L. Greenberg, Jill M. Stanforth, Denlinger, Rosenthal & Greenberg, Cincinnati, OH, for Respondent.

Before BOGGS, Chief Judge, and SILER, Circuit Judge, and RICE, District Judge.*

OPINION

RICE, Chief Judge.

Petitioner National Labor Relations Board ("NLRB") brings an application for the enforcement of its Decision and Order of September 19, 2001, by which it found Respondent Accurate Tool & Manufacturing, Inc., d/b/a Accurate Wire Harness, liable for multiple unfair labor practices. Respondent argues that the Decision and Order should not be enforced, contending that the NLRB lacked substantial evidence to justify the result.

The NLRB had jurisdiction under section 10(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(a). This Court's appellate jurisdiction arises under section 10(e) of the NLRA.

The questions in this case are (1) whether several of Respondent's non-union employees, in effect, quit their jobs when they took part in a walkout on July 9, 1999, or, rather, were terminated by Respondent, and (2) whether Respondent later terminated an individual employee, Tammy Jackson, a second time, after it had re-hired her, for her role in organizing the walkout. Section 7 of the NLRA, 29 U.S.C. § 157, states in pertinent part that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." Section 8(a), 29 U.S.C. § 158(a), states in pertinent part that "[i]t shall be an unfair labor practice for an employer (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title...." Taken together, these two sections of the NLRA make it unlawful for employers to discharge or threaten to discharge non-union employees who participate in a concerted walkout. See NLRB v. Valley Plaza, Inc., 715 F.2d 237, 244 (6th Cir.1983); Vic Tanny Intern., Inc. v. NLRB, 622 F.2d 237, 241 (6th Cir.1980).

An administrative law judge ("ALJ") concluded that Respondent committed several violations of section 8(a)(1) and one violation of section 8(4). As to the section 8(a)(1) violations, the NLRB adopted the ALJ's order, with slight modification. It declined to pass on the section 8(4) violation, observing that the existence *vel non* of that additional violation would not affect the resulting remedy.

The ALJ's findings of fact, as adopted by the NLRB, are conclusive if supported by substantial evidence in the record, taken as a whole. See NLRB v. St. Francis Healthcare Centre, 212 F.3d 945, 952 (6th Cir.2000). "Evidence is substantial when it is adequate, in a reasonable mind, to uphold the Board's decision." *Id.* (alterations, citation and internal quotation marks omitted). "Deference to the Board's factual findings is particularly appropriate where conflicting testimony requires the Board to make credibility determinations." *Id.*

---

* The Honorable Walter H. Rice, Chief Judge of the United States District Court for the South-ern District of Ohio, sitting by designation.

"The Board's application of law to facts is also reviewed under the substantial evidence standard, and the Board's reasonable inferences may not be displaced on review even though the court might justifiably have reached a different conclusion had the matter been before it *de novo.*" *Id.* (citation and internal quotation marks omitted).

The NLRB need not find that an employer expressly stated to its employees that they were terminated in order to find that they were indeed terminated. *See NLRB v. Downslope Indus., Inc.*, 676 F.2d 1114, 1118 (6th Cir.1982) ("The test of whether an employee was discharged depends upon the reasonable inferences that the employees could draw from the language used by the employer. [Citations omitted.] Taking all of the circumstances into account, it is clear that the employees reasonably inferred that Lane had no intention of addressing their complaints and was firing them."); *North American Dismantling Corp. v. NLRB*, 35 Fed.Appx. 132 (6th Cir.2002); *Elastic Stop Nut Div. of Harvard Industries, Inc. v. NLRB*, 921 F.2d 1275, 1282 (D.C.Cir.1990); *NLRB v. Hale Mfg. Co.*, 570 F.2d 705, 708 (8th Cir.1978) ("The fact of discharge of course does not depend on the use of formal words of firing. It is sufficient if the words or action of the employer 'would logically lead a prudent person to believe his tenure had been terminated.'").

This case turns on a credibility determination, and the Court will defer to the findings of the ALJ, as adopted by the NLRB, given that they are supported by substantial evidence in the record. Simply stated, the evidence in the record is more than adequate to support the ALJ's findings that Respondent threatened the affected employees with termination as they initiated their walkout, and subsequently did terminate them for walking out, and there is substantial evidence in the record supporting the finding that reasonable employees could have understood Respondent's actions as acts and words of termination. That is all this Court need decide to enforce the NLRB's Decision and Order. There is also substantial evidence in the record to support the NLRB's adoption of the ALJ's finding that Respondent terminated Tammy Jackson (the second time) because of her leadership role and participation in the July 9 walkout. Respondent urges the Court to reject the ALJ's findings of fact and credibility determinations made below, but this the Court will not do. It simply cannot be said that the ALJ did not have a reasonable and adequate basis, i.e., substantial evidence, for making the findings that she did.

The NLRB's petition to enforce its Decision and Order of September 19, 2001, is GRANTED.